We will briefly dispose of the last error assigned—the motion in arrest of the judgment.

The venire from which the grand jurors were taken, contains their names in full; but their Christian names, that is, of some of them, are abbreviated on the minutes of the court; as, for instance, the name of Fountain Barksdale appears in full on the venire, and it is F. Barksdale on the minutes. We do not think this error can prevail, when the record shows that the grand jurors were taken from the persons whose names appear on the venire.

It is next said that one of the grand jurors was excused, and the record does not show upon what ground. The record shows that the excuse was, by the court, considered sufficient. This must be treated as a legal excuse.

Judgment reversed, *venire de novo* awarded, and cause remanded.

———————

WRIGHT and ALLEN *v.* DANIEL H. CANTZON et al.

CHANCERY: COMMISSIONER'S SALE: RE-OPENING THE BIDDING.—By the English rule, the Chancery Court would not re-open the bidding in a sale regularly made by a commissioner, and ready for confirmation, at the instance of a third party, who proposes to advance on the price for which the estate sold, unless such third party state the amount he is willing to advance, and offer to pay the expenses already incurred in the sale, and also to pay the purchaser for his ex-

penses and loss of time. *Quære*—Would the bidding be re-opened in such a case on any terms, in this State?

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

Cantzon filed his bill and obtained a decree against H. and P. Hilzheim, by which a certain lot was ordered to be sold, in satisfaction of a lien held by Cantzon on it for the purchase-money. The commissioner sold it to O. Barrett, at auction, for $905, that being the highest and best bid. The commissioner made his report to the court, accompanied by a deed to Barrett, and the bond given by Barrett for the purchase-money. Barrett moved for a confirmation of the sale; and at the same time, Wright & Allen filed their petition, in which they stated that they held a mortgage on the lot, as a security for a debt due by the Hilzheims to them; that they did not know of Cantzon's lien or the order for the sale of the lot until a few days before the sale. They further stated that the property had sold for a very inadequate price, and they had offered to pay off Cantzon's debt, and were still willing, and now offered to pay the same. They further stated, that their debt against Hilzheim was inadequately secured, and they prayed that the commissioner's sale be set aside, and they be permitted to redeem by paying Cantzon's debt, and that a new sale be ordered.

It appeared that the bond executed by Barrett for the purchase-money, and accompanying the commissioner's report, was made payable to the commissioner. The court, upon the trial of the motion for confirmation, permitted Barrett to execute and file a new bond, payable, as the law directed, to Cantzon.

The court refused the prayer of the petition, and confirmed the sale; and thereupon petitioners appealed.

*A. Burwell*, for appellants.

The proceedings in relation to the sale were before the court, and in *fieri*, and the mortgagees ought to have been permitted to discharge the incumbrance. They were not parties to the suit; but they were interested; and it is the uniform course in chancery to allow redemption at any time before confirmation of the sale. *Tooley* v. *Kane*, S. & M. Ch. R. 518.

*D. Shelton,* for Barrett.

The petition cannot be sustained as an application to open the biddings.

1. It is not framed for that purpose. Its only prayer is, that the sale be set aside, for the purpose of allowing Wright and Allen to redeem from Cantzon.

2. If the English practice of opening biddings prevailed here, this case is not brought within it. For in this case there is no offer of any specified advance price, and no offer to pay the purchaser's expenses. The English courts, under their practice, require these, and also a deposit of the advance bid, together with the purchaser's expenses. 2 Sm. Ch. Pr. 248; 1 Ves. Jr. 453; 4 Ib. 700; 6 Ib. 466; 7 Ib. 420; 14 Ib. 151; 8 Ib. 214; see also, 3 Johns. Ch. Rep. 292.

3. But in the United States, the English practice of opening biddings for a better price, does not prevail. 3 Johns. Ch. Rep. 292; 2 Paige, 101, 339; 13 Wend. 224; 2 Hoff. Ch. Pr. 146, 147; 2 M'Cord, Ch. Rep. 158, 159, and note 2; 2 Har. & Gill, 346; 5 Yerger, 240.

The only question then really involved is, whether there is any ground of equitable relief stated in the petition, on which the sale can be set aside.

The true rule is, that a sale cannot be set aside on any other ground than *surprise, accident, fraud,* or some other ground *of equitable relief against the sale. Gordon* v. *Simms,* 2 M'Cord, Ch. Rep. 158; *Frazier* v. *Hall,* Ib. 159, n. 2; *Anderson* v. *Foulke,* 2 Har. & Gill, 346; *Wood's Executors* v. *Hudson,* 5 Munf. 423.

The principle is also recognized in *Williamson* v. *Dale,* 3 Johns. Ch. Rep. 291, where, on the petition of the executors of the *mortgagor,* the sale was set aside, because they had been misled as to the day of sale, by the statements of complainant's solicitor. The court say: " Here is *surprise.* It was the language of plaintiff and his solicitors that put defendants off their guard, and led to a sale without their knowledge." So also in *Duncan* v. *Dodd,* 2 Paige, 100, the principle is recognized. It was a sale of mortgaged property, belonging to minors. The mother and step-father, in their behalf, petitioned to set aside the sale; stated that they

did not know of the sale until after it was made; and would have paid fifty per cent. more than the land sold for. The court say: "The property of these infant children was sacrificed through the misapprehension or negligence of their mother and step-father. If the defendants were adults, and the property had been sacrificed by their own negligence or inattention, I should not disturb the sale.". The case in 2 Paige, 340, is still stronger, for there fraud in the sale is the ground of interference. See also, the principle fully recognized, 2 Hoff. Ch. Pr. 146, 147.

By that principle let us test this petition. It shows no grounds for relief whatever. It expressly alleges that the petitioners knew of the sale a few days before it was made. They well knew at the time that they held a deed of trust on the lot, and yet they did not attend the sale, and make the property bring a higher price; but negligent of their interest, if they had any, suffered the sale to be made to Barrett, at what they now say is an inadequate price. Surely, under these circumstances, they have no grounds of equitable relief against Barrett, the purchaser.

FISHER, J., delivered the opinion of the court.

Cantzon filed his bill in the Superior Court of Chancery, to enforce his lien upon a certain lot, to secure a debt due to him by H. and P. Hilzheim—a decree was made ordering the sale of the lot—the commissioner advertised and made the sale—when the defendant, Barrett, became the purchaser. The sale was regularly reported to the court for confirmation, when the complainants appeared by petition in court, alleging that they held a deed of trust upon the lot in question, to secure a debt to them by the Hilzheims; and offering to pay to the complainant the amount of his debt. The court overruled the motion, and confirmed the sale; from which order the petitioners appealed.

Admitting the force of the English rule in this State, that the court will, under a proper showing, order the biddings to be opened, and direct a re-sale of the property, the petitioners have not brought themselves within the rule. They do not state what sum they are willing to advance on the amount of the sale, or offer to

pay the expenses already incurred; or offer to pay the purchaser for his trouble and loss of time. The sale having been regularly made, reported and ready for confirmation, a third party can only be heard in opposition to the confirmation, on the ground that he is ready to advance on the bid made; and he must state the amount, so that the court may judge of the propriety of ordering another sale.

Decree affirmed.